

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 19  P 2:58

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CONNECTICUT I.B.E.W. PENSION FUND, HEALTH INSURANCE FUND, ANNUITY FUND and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 488, Plaintiffs, v. MERCURY COMUNICATIONS, INC. and WAYNE BROWNING, Defendants. | Civ. No. 3:02-CV-1065(AVC) |

### ORDER GRANTING IN PART AND DENYING IN PART THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This is an action to recover benefit contributions allegedly due under an employee benefit plan. It is brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145. The plaintiffs, Trustees of The Southern Connecticut I.B.E.W. Pension Fund and the International Brotherhood of Electrical Workers Local Union No. 488, allege that the defendants, Mercury Communications, Inc., and Wayne Browning, breached their agreement to make employee benefit fund contributions. The plaintiffs now move for summary judgment with respect to the validity of the agreement and with respect to the amount of the contributions they claim are owed, and with respect to the affirmative defense of fraud in the inducement and breach of the collective bargaining agreement. For the reasons that follow, the motion is DENIED in part and GRANTED in part.

## FACTS

In 1993, according to the plaintiffs, the defendants signed a letter of assent with the National Electrical Contractors Association ("NECA"). The letter of assent authorized NECA to enter into collective bargaining agreements on behalf of the defendants with the International Brotherhood of Electrical Workers Local # 488 ("Local 488").

In 1997, NECA entered into a collective bargaining agreement with Local 488 known as the Teledata Agreement, requiring the defendants to make certain pension fund contributions. Beginning on June 1, 1999, the complaint alleges the defendants were obligated to make payments to the pension fund at the same rate as found in the then current principal labor agreement. However, the defendants maintain that they were not bound by the principal labor agreement because they withdrew the letter of assent giving NECA authority to enter agreements on their behalf.

## DISCUSSION

The plaintiffs have not met the burden of establishing that, as a matter of law, the defendants were bound by the principal labor agreement to make payments to the pension fund. A genuine issue of material fact exists as to whether the defendants withdrew the letter of assent in a manner that relieved them from any obligation to make payments to the pension fund. The motion for summary judgment is therefore denied.

Further, the complaint also alleges that the defendants were

2

delinquent in their payments to the health insurance fund and annuity fund. The plaintiffs offer a report and affidavit of a retained auditor who reviewed the defendants personnel records and found deficiencies in the amounts the defendants paid to the funds. The defendants respond that they made the payments and that the plaintiffs calculations as to the amount of hours worked by covered employees are incorrect. In support of this argument, the defendants offer a report and affidavit of its former book keeper disputing the report tendered by the plaintiffs. Consequently, there is a genuine issue of material fact as to what amount, if any, the defendants owe to the funds. The motion for summary judgment with respect to this issue is therefore denied.

The plaintiffs also move for judgment as a matter of law with respect to the affirmative defenses raised by the defendants in the answer: i.e., that the defendants were fraudulently induced into entering into the agreement based on representations made by representatives of Local 488 that defendants could unilaterally terminate the agreement, and further, that Local 488 breached the terms of the agreement by not providing sufficient quantities of employees.[1] Specifically, the plaintiffs assert that, in an action under ERISA § 515 by an employee benefit plan, a defendant employer may not raise the defense that a union

---

[1] The Court notes the proper procedure for challenging an affirmative defense is a motion to strike. Pursuant to Fed.R.Civ.P. Rule 12(f), the Court on its own initiative will consider the plaintiffs' argument as a motion to strike.

3

fraudulently induced them into entering into a contract through oral representations, nor may it raise a defense that the union breached the terms of the agreement rendering obligations to make contributions unenforcable. <u>Benson v. Brower's Moving & Storage, Inc.</u>, 907 F.2d 310, 313-14 (2nd Cir. 1990). The defendants do not respond to this assertion.

In <u>Benson</u>, the Second Circuit stated: "the courts of appeals that have construed section 515 have unanimously regarded it as a limitation of the defenses available to an employer when sued by an employee benefit plan." <u>Id.</u> at 314. "[O]nce an employer knowingly signs an agreement that requires him to contribute to an employee benefit plan, he may not escape his obligation by raising defenses that call into question the union's ability to enforce the contract as a whole." <u>Benson v. Brower's Moving & Storage, Inc.</u>, 907 F.2d 310, 314 (2nd Cir. 1990).

In <u>Benson</u>, the Court specifically stated: "an employer may not assert that the union orally agreed not to enforce the terms of the collective bargaining agreement." <u>Benson</u>, 907 F.2d at 314 citing <u>Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Serv., Inc.</u>, 870 F.2d 1148, 1152-54 (7th Cir. 1989)(fraud in the inducement defense not permitted in action brought under Section 515 by employee benefit fund trustees). Additionally, an employer may "not raise the union's breach of the collective bargaining agreement as a defense against an employee benefit plan suing for delinquent contributions unless

4

the collective bargaining agreement preserved such a defense in "unequivocal words.'" <u>Benson v. Brower's Moving & Storage, Inc.</u>, 907 F.2d 310, 313 (2nd. Cir. 1990) <u>citing</u> <u>Lewis v. Benedict Coal Corp.</u>, 361 U.S. 459, 470-71 (1960).

In view of the above, the Court concludes that the affirmative defense of fraud in the inducement, where defendants knew they were entering into a collective bargaining agreement, is unavailable to the defendants as a matter of law. The Court also concludes as a matter of law that the defendants may not raise the defense that Local 488 breached the terms of the collective bargaining agreement rendering the obligations to the employee benefit plans unenforceable, where the agreement between the parties did not reserve such a defense. The plaintiffs' motion is therefore granted in respect to the affirmative defenses raised by the defendants.

For the forgoing reasons, the motion for summary judgment (document no. 13) is therefore GRANTED in part and DENIED in part.

It is so ordered, this 19th day of March, 2004 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge

5